Mel C. Orchard, III (*Pro Hac Vice*)
Noah W. Drew (*Pro Hac Vice*)
The Spence Law Firm, LLC
P.O. Box 548
15 S. Jackson Street
Jackson WY  83001
307-733-7290 (p)
307-733-5248 (f)
orchard@spencelawyers.com
drew@spencelawyers.com

Thomas P. Frerichs (AT0002705)
FRERICHS LAW OFFICE, P.C.
106 E. Fourth Street
P.O. Box 328
Waterloo, IA 50704-0328
319-236-7204 (p)
319-236-7206 (f)
tfrerichs@frerichslaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA EASTERN DIVISION**

| | |
|---|---|
| DERRICK AMBROSE, SR. as Executor of the Estate of Derrick Ambrose, Jr.,<br><br>    Plaintiff,<br><br>    v.<br><br>WATERLOO, IOWA, Municipal Corporation; KYLE LAW, in his official and individual capacity; DANIEL TRELKA, in his individual and official capacity as Public Safety Director for the City of Waterloo, Iowa; JOHN DOES 1-5, in their individual and official capacities,<br><br>    Defendants. | Civil No. 14-CV-2079-LRR |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION  FOR DISCOVERY CONFERENCE
AND MOTION TO COMPEL -** *EXPEDITED RELIEF REQUESTED*

**TABLE OF CONTENTS**

                                                                                                                                  **Page**

    I.       Introduction............................................................................................2

    II.      Local Rule 37 Certification....................................................................3

| | | |
|---|---|---|
| III. | Basic Facts and Procedural History to Date | 3 |
| IV. | Pending Discovery Matters Needing Resolution | 4 |
| | Matters of Examination 2,3,4,5, and 8 | 4 |
| | Matters of Examination 9, 17, 19, and 21 | 7 |
| | Matters of Examination 25, 27, 28 | 8 |
| | Matter of Examination No. 11 | 9 |
| | Matter of Examination No. 12 | 10 |
| | Matter of Examination No. 13 | 11 |
| V. | Conclusion | 13 |

## I. INTRODUCTION

The current issue before the court arises from a discovery dispute related to the production of certain documents, communications, reports and testimony requested in Plaintiff's combined 30(b)(6), 30(b)(2) and Rule 34 deposition notice issued to Defendant City of Waterloo. The City objected to certain matters of examination contained within the deposition notice and further refuses to produce certain information and testimony short of an order of the Court or the entering of a protective order agreed to by the parties. The Rule 30(b)(6) deposition of Defendant Waterloo, Iowa, is set to occur next week, Wednesday, May 27, 2015 at 9:00 AM CDT. (*See* Exhibit A attached hereto). The Notice of Deposition was sent on April 9. 2015. (Id.). The Defendants filed their objections on May 11, 2015, over a month later and just over two weeks before the scheduled deposition. (*See* Exhibit B attached hereto). As such, the parties request an expedited discovery conference to resolve the discovery dispute prior to the deposition.

## II. LOCAL RULE 37 CERTIFICATION

Counsel for Plaintiff and the City of Waterloo personally met and conferred on May 19, 2015, pursuant to LR 37. Both sides attempted to resolve their disagreements and narrow the issues related to the discovery dispute, but were unable to fully do so. As such, Plaintiff asks the Court for expedited relief given that the 30(b)(6) deposition is set to occur next week. Defendant City of Waterloo does not object to the request for the expedited relief of a discovery conference. As required by LR 37, Plaintiff's counsel declared under the perjury that the foregoing is true and correct in the motion for this discovery conference.

## III. BASIC FACTS AND PROCEDURAL HISTORY TO DATE

This lawsuit arises out of the shooting death of Derrick Ambrose, Jr. on November 18, 2012 by Officer Kyle Law of the City of Waterloo, Iowa, Police Department. As alleged in Plaintiff's complaint, Officer Law shot Ambrose twice, one in the back of the left knee and once in the base of the skull as Ambrose was lying prostrate on the ground and unarmed. Plaintiff has alleged that the City of Waterloo, Officer Law and Waterloo Public Safety Direct, Daniel Trelka, violated Ambrose's state and federally guaranteed civil rights, to wit, excessive force, failure to train/failure to supervise, failure to discipline, unconstitutional policy or custom, ratification of unconstitutional conduct and conspiracy to violate Ambrose's civil rights along with state law tort claims.

Plaintiff's Complaint was filed on November 17, 2014, in the Iowa District Court for Black Hawk County. Defendants subsequently removed the action to this Court on December 4, 2014. Dkt. No. 2. Defendants' Answer was filed on December 31, 2014. Dkt. No. 5. This Court entered its Scheduling Order and Discovery Plan (Scheduling Order) on March 27, 2015. Dkt. No. 14. Of important note, the Scheduling Order dictates that the deadline to add parties or

amend the pleadings is June 18, 2015, and that Plaintiff must disclose his expert witnesses no later than July 18, 2015.

At approximately the same time that the Scheduling Order was entered the parties mutually agreed to set aside two weeks, from May 26, 2015 to June 4, 2015 to conduct depositions. On April 9, 2015, Plaintiff served his Notice to Take the Deposition of Defendant City of Waterloo, Iowa, Pursuant to Fed. R. Civ. P. 30(b)(6), 30(b)(2) and 34 (hereinafter "30(b)(6) notice"). *See* 30(b)(6) Dep. Notice attached as Exhibit A. The deposition was noticed to take place on May 27, 2015. *Id.* On May 11, 2015, Defendant City of Waterloo served its objections to the Rule 30(b)(6), 30(b)(2) and 34 notice. *See* City of Waterloo 30(b)(6) Objections attached as Exhibit B. The City's objections range from overbroad and unduly burdensome, to relevancy, to the "self-critical analysis" privilege and privilege based upon *Garrity v. State of New Jersey*, 385 U.S. 493 (1967). Finally, Defendant City of Waterloo states that if its objections are overruled it asks for the information to be produced pursuant to a confidential protective order prior to the information's disclosure.

### IV. PENDING DISCOVERY ISSUES NEEDING RESOLUTION

*Matters of Examination 2, 3, 4, 5, and 8*

The scope of Matters of Examination 2, 3, 4, 5, and 8 deal almost exclusively with what was learned by the City of Waterloo after the shooting and during its investigation of the events of November 18, 2012. In response to these matters of examination the City takes the position that the information, namely the statements of officers and witnesses obtained during the internal affairs investigation and the internal affairs report and findings, are privileged pursuant to the "self-critical analysis" privilege and that any applicable statement given by Defendant Law is privileged pursuant to *Garrity v. State of New Jersey*, 385 U.S. 493 (1967).

The self-critical analysis privilege objections made by the City are specious. Neither the United States District Court for Northern District of Iowa, the United States District Court for the Southern District of Iowa, nor the United States Court of Appeal for the Eighth Circuit have ever recognized the self-critical analysis privilege or an evidentiary privilege in civil cases pursuant to *Garrity*.

In *Tharp v. Sivyer Steel Corporation*, 149 F.R.D. 177 (S.D. Iowa 1993), the plaintiff sued her employer for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-17 and the Iowa Civil Rights Act, Iowa Code § 601A. There the plaintiff sought production of the defendant/employer's affirmative action plan. The defendant employer resisted the production based upon the self-critical analysis privilege. The Court flatly rejected the notion of the privilege finding that because "the 'self-critical analysis' privilege may impede plaintiffs' access to important relevant documentation needed to press their claims, the "self-critical analysis" privilege must be viewed as restricting the important public interest of enforcement of this nation's equal employment opportunity laws." *Tharp*, 149 F.R.D. at 184. The chance that the "self-critical analysis" privilege might decrease the Waterloo Police Department's candor in evaluating their own employment practices and in communicating this information to governmental agencies and the general public is far too remote to undermine the goal of protecting the Bill of Rights and our Constitution. *See Tharp* at 178. [T]he policy underlying the "self-critical analysis" privilege does not overcome the basic presumption that the legal system and society are best served by making "a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." *Tharp* at 178 ***citing*** *United States v. Proctor & Gamble,* 356 U.S. 677, 682, 78 S.Ct. 983, 986 (1958). Finally, in granting the Plaintiff's Motion to Compel, the Court stated that the Defendant, "failed

to establish that the "self-critical analysis" privilege has any historical basis, has any statutory basis, or is grounded in any state or federal constitutional provision. "Although these are not necessary preconditions to the recognition of a privilege, their absence certainly should carry some weight in the court's analysis. (Internal citation omitted). *Id.*

Similarly, in *LeClere v. Mutual Trust Live Insurance*, 2000 WL 34027973 (N.D. Iowa 2000), then Magistrate Judge Jarvey came to the conclusion that the privilege was a relatively novel theory, and that where accepted, it has only been narrowly recognized to situations where the self-evaluation process would be detrimental to the public interest. The Court stated, "As shown above, few courts have adopted this relatively novel theory of privilege. This court does not believe that the Eighth Circuit Court of Appeals will ultimately recognize such a privilege. Even if it does, this court does not believe such recognition is appropriate here for this *voluntary internal investigation*." *LeClere* at Footnote 3). (Emphasis Added).

Here, there is no basis to protect the findings of the voluntary internal affairs department of the Waterloo Police Department in an investigation of a potential homicide. Much like in *Tharp*, the City's attempt to restrict Plaintiff's access to highly important documentation that potentially contains information related to the City's and Officer Law's intent and motivation, must be viewed as an attempted restriction of the enforcement of state and federal civil rights laws.

Regarding the City's assertion that *Garrity* and the Peace Officer, Public Safety, and Emergency Personnel Bill of Rights in Iowa Code chapter 80F.1 give it the authority to withhold information learned and/or gleaned from Officer Law - the objection is meritless. Nothing within *Garrity* or the Iowa Code grants the City an evidentiary privilege to side-step the Federal Rules of Civil Procedure. To be sure, *Garrity* protects public employees from being compelled

to testify by employers who require the employees to answer incriminating questions under a threat of termination. *Hill v. Johnson*, 160 F.3d 469, 471 (8th Cir. 1998). As long as a public employer does not demand that the public employee relinquish the employee's constitutional immunity from prosecution, the employee can be required to either testify about performance of official duties or to forfeit employment. *Id.* As for Iowa Code § 80F.1, it merely regulates how a public entity goes about investigating its own employees. Absolutely <u>nothing</u> within the statute grants the City an evidentiary privilege allowing it to not disclose what it learned from Officer Law during the course of its investigation of the shooting of Ambrose. See Iowa Code § 80F.1 *et seq*.

### *Matters of Examination 9, 17, 20 and 21*

Much like Matters of Examination 2, 3, 4, 5 and 8 discussed above, Matters of Examination 9, 17, 20, and 21 can best be summarized as seeking information learned by the City of Waterloo after the shooting and during its investigation of the events of November 18, 2012. The City once again objects to the information sought with these Matters of Examination on the basis of the self-critical analysis privilege. Along with the statements obtained by the Internal Affairs Investigation, the City also claims that the report of the Waterloo Police Department Shooting Review Board prepared in the matter of Kyle Elwood Law and the Waterloo Police Department Administrative Division – Internal Affairs Unit written Investigative Report are not subject to disclosure. By asserting the "self-critical analysis" privilege the Defendants are claiming that if forced to turn over the requested information concerning the Ambrose shooting, future law enforcement investigations into misconduct will be hampered because of the likelihood that the City itself will be less likely to be candid and truthful those in future investigations. To wit, "*if we have to tell the truth this time, we'll likely*

*lie the next time to protect ourselves.*" The inherent malignancy in such an argument is obvious.

As discussed above, the self-critical analysis is not recognized in the Northern District of Iowa. Further, there is no public interest in favor of nondisclosure of information sought by Matters of Examination 9, 17, 20, and 21 in Plaintiff's 30(b)(6) notice. Disclosure of such evidence is not only preferred but also encouraged by the Federal Rules of Civil Procedure. Plaintiff has alleged that the City and its policy makers have condoned the violent behavior of its police officers and covered up its actions in the shooting death of Derrick Ambrose. It goes almost with out saying that perhaps the most valuable information related to these claims are contained within the investigatory files of the City of Waterloo.

*Matter of Examination 25, 27 and 28*

Matters of Examination 25, 27, and 28 request for information related to all complaints made against Defendant Law, and requests information related to all excessive force complaints made against employees and/or agents of the Waterloo Police Department and whether the City has ever found that its officers, employees or agents ever used excessive force. The City takes the position that it does not have to produce this information at the 30(b)(6) deposition on the basis that this information is overbroad as to time and scope and not reasonably calculated to lead to discoverable evidence. The City also objects on the basis that the Matters of Examination seek to violate the privacy interests of non-parties to the litigation.

As it relates to Matter of Examination 25 regarding the complaints made against Defendant Law, this Matter of Examination is both relevant and highly probative to Plaintiff's claims that the City failed to train, supervise, and discipline Defendant Law. It also both relevant and highly probative to Plaintiff's ratification claims and his unconstitutional policy or custom claims that the City failed to track or other wise adhere to a constitutionally sound citizen

complaint program.

As it relates to Matters of Examination 27 and 28, the City has no basis to refuse to provide this information during the deposition. Much like Matter of Examination 25, Matters of Examination 27 and 28 seek information that is both relevant and highly probative to Plaintiff's claims that the City failed to train, supervise, and discipline its officers/employees. The Matters of Examination are also both relevant and highly probative to Plaintiff's ratification claims and his unconstitutional policy or custom claims that the City failed to track or other wise adhere to a constitutionally sound citizen complaint program.

*Matter of Examination 11*

Matter of Examination requests the City of Waterloo to provide information related to the how many unreasonable/excessive force and unlawful arrest complaints received, reviewed and/or investigated for the last seven years. It further requests that the City be prepared to testify as to whether the City found the complaints to have merit or not and what disciplinary action was taken, if any action was taken at all. The request necessarily requires the City to identify the nature of the complaint, the accusation by the complainant and the nature of the discipline, if any, the employee officer received. The City objects to this request to that extent that it requires them to produce anything beyond "statistical information" on the basis that it violates the privacy rights of third parties ant that it seeks to violate the doctrine of self-critical analysis.

Once again, the objection lacks merit. No third-party information that would be considered confidential or be subject to protection by Fed. R. Civ. P. 26 (c)(1)(G) allows the City to forego complying with the Matter of Examination. To the extent that information of third parties such as phone numbers, dates of birth, addresses and/or social security numbers are necessarily disclosed, Plaintiff is amenable to a protective order protecting that information only.

As it relates to the City's contention this information is subject to the self-critical analysis privilege, even if the privilege could be claimed by the City, this information does not fall under the scope of that concept. The information sought in this Matter of Examination is not asking for the self-analysis performed by the City, rather it is asking for the City to provide, in very simple terms, the number complaints made, what was alleged, whether the complaint was found to have merit, and whether the officer, against whom the complaint was made, was disciplined, and how the officer was disciplined.

*Matter of Examination 12*

Matter of Examination 12 asks the defendants to identify all federal and state civil actions filed against the Waterloo Police Department and/or individual police officers, alleging violations of an individual's civil rights, the unreasonable/excessive use of force, and/or an unlawful arrest. The Matter of Examination requests the City to further identify the number of those actions which resulted in judgments (before a court or by an arbitration panel) or settlements adverse to any of the defendants and state what disciplinary or other action(s) was/were taken against the individually named defendant(s). Defendants object that the use of term "civil rights" in context of the Matter of Examination is vague and overbroad.

Plaintiff agrees that the term "civil rights" used in this context is somewhat vague. However, the information sought related to civil rights actions alleging the City and/or its individual officers/employees engaged in prohibited acts and whether those same officers/employees were ever punished is highly relevant and probative to Plaintiff's claims related to failure to discipline and ratification. The defendant's objection attempts to limit very early on in discovery process what evidence will and will not be admissible to prove Plaintiff's claim. As such, Plaintiff suggests that the term "civil rights" be hereby clarified to contemplate

all claims made against individual officers for sexual or racial discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-17 and the Iowa Civil Rights Act, Iowa Code § 601A, and all claims made against individual officers pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 alleging, sexual discrimination, racial discrimination, and/or violation of civil rights afforded by the 1st, 4th, 5th, 6th, 8th, and 14th Amendments to the United States Constitution.

*Matter Of Examination 13*

Matter of Examination 13 requests the Defendant to produce all information regarding all investigations relating to misconduct of the officers of the Waterloo Police Department who were on scene and investigated the shooting death of Ambrose on November 18, 2012. The City claims that it does not have to produce this information based upon the premise that it is overbroad in both time and scope and that it is not calculated to lead to the discovery of admissible evidence. The information sought with this Matter of Examination is both relevant and highly probative in showing the bias of the investigating officers in favor of Defendant Law and it also could be used to support Plaintiff's failure to train, supervise and discipline claims.

*Defendants' Request for a Blanket Protective Order*

In conjunction with nearly every objection lodged in response to the 30(b)(6) notice the City requests, *arguendo*, that a protective order pursuant to Fed. R. Civ. P. 26(c)(1)(G) be entered by the Court prior the evidence being disclosed should the Court overrule the City's objections. The City's request for a protective order is largely meritless. Federal Rule of Civil Procedure 26(c)(1)(G) states in relevant part:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way…" *Id.*

A plain reading of Fed. R. Civ. P. 26(c)(1)(G) certainly does contemplate that a protective order being entered in the context of what the City seeks here. Further, the City has utterly failed to show good cause for the need of a protective order to protect it from annoyance, embarrassment, oppression or undue burden.

In this case, the City is accused of a long history of violence and covering up and/or condoning violence. The inclination of the Court should be to make this behavior known to the people of City of Waterloo and of greater Iowa, not hide it. Short of very limited circumstances related to the protection of personal information of third-party individuals (e.g. medical records, dates of birth, addresses, social security numbers, etc.) or information related to the protection the ongoing safety of officers while in the field, a protective order is not appropriate in this case. Furthermore, if the Court deems a protective order appropriate in this case, Plaintiff and his counsel request that a mechanism be instilled putting the onus on the disclosing party seeking to keep the information confidential to establish that the scope of the protective order is warranted for each individual disclosure. By placing the onus on the disclosing party to establish that the information to be disclosed warrants protection, the Court ensures that its order is not abused.

## V. CONCLUSION

For the reasons set forth above, Plaintiff requests this Court hold an expedited discovery conference and compel the production of the information discussed above. Because of the deposition scheduled next Wednesday, it is requested that this matter be heard as soon as practical.

Dated: May 20, 2015.   /s/ Noah W. Drew
*Attorneys for Plaintiff*
Mel C. Orchard, III (*Pro Hac Vice*)
Noah W. Drew (*Pro Hac Vice*)
The Spence Law Firm, LLC
P.O. Box 548, 15 S. Jackson Street
Jackson WY  83001
307-733-7290 (p)
307-733-5248 (f)
orchard@spencelawyers.com
drew@spencelawyers.com

and

Thomas P. Frerichs (AT0002705)
FRERICHS LAW OFFICE, P.C.
106 E. Fourth Street, P.O. Box 328
Waterloo, IA 50704-0328
319-236-7204 (p)
319-236-7206 (f)
tfrerichs@frerichslaw.com


  /s/
Thomas P. Frerichs

## PROOF OF SERVICE

The undersigned certifies that the forgoing instrument was served upon all parties to the above cause and to each of the attorneys of record herein at their respective addresses disclosed on the 20th day of May, 2015

___ U.S. Mail __ Hand Delivered _____ Certified Mail __ FAX _X_ Electronically

BY: Dawn Lalk