# EXHIBIT A

Mel C. Orchard, III, Wyo. Bar #5-2984
The Spence Law Firm, LLC
P.O. Box 548
15 S. Jackson Street
Jackson WY 83001
307-733-7290 (p)
307-733-5248 (f)
orchard@spencelawyers.com

Thomas P. Frerichs, BL 00103016
FRERICHS LAW OFFICE, P.C.
106 E. Fourth Street
P.O. Box 328
Waterloo, IA 50704-0328
319-236-7204 (p)
319-236-7206 (f)
tfrerichs@frerichslaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA EASTERN DIVISION

| | |
|---|---|
| DERRICK AMBROSE, SR. as Executor of the Estate of Derrick Ambrose, Jr., <br><br> Plaintiff, <br><br> v. <br><br> WATERLOO, IOWA, Municipal Corporation; KYLE LAW, in his official and individual capacity; DANIEL TRELKA, in his individual and official capacity as Public Safety Director for the City of Waterloo, Iowa; JOHN DOES 1-5, in their individual and official capacities, <br><br> Defendants. | Civil No. 14-CV-2079-LRR |

### PLAINTIFF'S NOTICE TO TAKE THE DEPOSITION OF DEFENDANT CITY OF WATERLOO, IOWA, PURSUANT TO FED. R. CIV. P. 30(b)(6), 30(b)(2) and 34

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(6), 30(b)(2) and 34, Plaintiff, the Estate of Derrick Ambrose, Jr., hereby notice the deposition of the employee(s) or representative(s) of Defendant City of Waterloo, Iowa, who is (are) the person(s)

with the most knowledge regarding the topics detailed below. This deposition may be videotaped, and Plaintiff may use this videotaped deposition at trial. Defendant City of Waterloo is requested to identify the person(s) it designates on each topic below at least seven days before the deposition(s). The taking of the deposition(s) may be adjourned from day to day until completed, and may occur over several days if more than one person is necessary to provide the information requested.

**DATE/TIME OF DEPOSITION:** May 27, 2015 at 9:00 AM

**LOCATION OF DEPOSITION:** Frerichs Law Office, P.C.
106 East 4th Street
Waterloo, IA 50704

**COURT REPORTERS AND VIDEOGRAPHERS:** To Be Determined

**PLEASE TAKE NOTICE**, that pursuant to Fed. R. Civ. P. 30(b)(6), City of Waterloo, Iowa, is required to designate and fully prepare one or more officers, directors, managing agents or other persons with the most knowledge concerning the following designated matters, or other persons who consent to testify on their behalf, and whom Defendants will fully prepare to testify in the English language regarding the following designated matters and as to such information that is known or reasonably available to the organizations:

## DEFINITIONS

The following definitions apply to this Notice of Deposition and are incorporated herein:

1. **ALL/EACH:** The terms "all" and "each" shall be construed as "and", "each" and "and/or."

2. **ANY:** The term "any" should be understood in either its most or least inclusive sense as will bring within scope of the discovery request all responses that might otherwise be construed to be out of its scope.

3. **"DEFENDANTS"** means the following parties: Defendants City of Waterloo, Iowa, Municipal Corporation; Kyle Law, in his official and individual capacity; Daniel Trelka,

in his individual and official capacity; John Does 1-5, in their individual and official capacities; individually and collectively, and any of their subsidiaries, affiliates, officers, agents, attorneys, employees, representatives, or any others acting on their behalf.

4. Wherever **"YOU," "DEFENDANT," "CITY OF WATERLOO," "CITY,"** or similar term is used, it should be taken to include all employees, officers, co-workers, and agents of any defendant. "Agent" is used in a broad sense to include anyone acting on behalf or in the interest of, whether directly or indirectly, openly or covertly, or with or without compensation.

5. **"DOCUMENT"** as used in this Notice is coextensive with the meaning of the term document in Federal Rules of Civil Procedure 34, and shall have the broadest possible meaning and interpretation ascribed to the term "document" under this rule. Consistent with the above definition, the term document shall include, without limitation, any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of you or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of you, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on your behalf.

6. All areas of inquiry are to be regarded as concerning past and present incidents, activities, and practices.

7. The term **"THE INCIDENT DESCRIBED IN THE COMPLAINT"** includes, but is not limited to, any contact between Derrick Ambrose and officers of the Waterloo Police Department on or about November 18, 2012, at or near the New World Lounge and R Avenue and D Street, Waterloo, and the use of force against Derrick Ambrose by officers of the Waterloo Police Department.

8. If any form of privilege or other protection from disclosure is claimed as a ground for withholding a document or responsive information contained in a document and/or testimony, set forth with respect to the document, the date, title, identity of the author, subject matter (without revealing the information for which the privilege is claimed), and each and every fact or basis on which you claim your privilege with sufficient specificity to permit the Court to make a determination as to whether the claim of privilege is valid.

9. **POLICE OFFICER/S** shall refer to officers, employees, or supervisors of the Waterloo Police Department, of whatever rank or assignment.

10. **"RELATING TO," "RELATE TO," "REFERRING TO," "REFER TO," "REFLECTING," "REFLECT," "CONCERNING,"** or **"CONCERN"** shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

11. **"YOU"** means City of Waterloo, Iowa, the corporate defendant answering these requests, and any person acting on that corporation's behalf.

12. **IDENTIFY**: When you are asked to "identify" a particular officer, employee or person, you are to provide that person's full name, current or last job title, and current physical work address if still employed by you; if the person is not still employed by you, provide the last known address, phone numbers, e-mail address or other available contact information and further include a description of their last job title and a description of their duties.

## MATTERS OF EXAMINATION

1. Identify by full name, badge number, and position in the Waterloo Police Department of all police officers that were present during the incident described in the Complaint.

2. For each individual identified in response to Matter of Examination #1, identify whether that person had physical contact of any nature with Derrick Ambrose. In responding to this interrogatory, specifically identify each person or document that was the source of this information and what each particular source stated.

3. For each individual identified in response to Matter of Examination #1, identify where Derrick Ambrose was observed, what Derrick Ambrose was doing, what Derrick Ambrose was wearing, and whether Derrick Ambrose had any visible injuries or bruises. In responding to this interrogatory, specifically identify each person or document that was the source of this information and what each particular source stated.

4. For each individual named in response to Matter of Examination #1, provide that individual's account of the incident described in the Complaint.

5. For each individual named in response to Matter of Examination #1, state that individual's detailed explanation of why he/she went to the area of the incident described in the Complaint at the time of the incident, and what, if any, information he/she possessed or was told about to support the stop of, and use of force on, Derrick Ambrose. Further identify, for each individual, whether this information derived from personal observation or from any other source, which source is to be explicitly identified.

6. For each individual named in response to Matter of Examination #1, state whether that person was struck or injured in any way or the subject of any alleged resistance or assaultive behavior by Derrick Ambrose during the entire incident described in the Complaint.

7. Provide the names of all civilian employees, witnesses, and any and all other individuals who were present at any time during the incident described in the Complaint. Further identify each individual's point of contact information including physical address, mailing address, phone number and email.

8. For each individual identified in response to Matter of Examination #7, state whether that individual visually observed Derrick Ambrose and provide a detailed description from each individual regarding his/her observations of Derrick Ambrose and Derrick Ambrose's behavior. In responding to this Interrogatory, identify the source of that information as to each individual.

9. Identify any and all documents that reference in any way contact by officers of the Waterloo Police Department with Derrick Ambrose at the time of the incident described in the Complaint, including, but not limited to investigation reports, Computer Assisted Dispatch (CAD) sheets, radio tape transcripts, patrol logs, custody logs, and use of force forms.

10. Identify by name and badge number all officers of the Waterloo Police Department officers assigned to work in the area of the incident described in the Complaint at the time of the incident or in the 24 hour thereafter.

11. Identify the number of unreasonable/excessive force and unlawful arrest complaints received, reviewed, and/or investigated by the Waterloo Police Department in each of the past seven (7) years. For each year, further identify the number of complaints that were determined to be sustained in whole or in part and state what disciplinary action if any was taken as to the charged officer(s).

12. For each of the past seven years, all federal and state civil actions filed against the Waterloo Police Department, and/or individual police officers, alleging violations of an individual's civil rights, the unreasonable/excessive use of force, and/or an unlawful arrest. Further identify the number of those actions which resulted in judgments (before a court or by an arbitration panel) or settlements adverse to any of the defendants and state what disciplinary or other action(s) was/were taken against the individual named

defendant(s).

13. All individuals named in response to Matter of Examination #1 any and all incidents for which he/she has been the subject of a police department investigation for misconduct for the entire period of his/her employment with the Waterloo Police Department. For each incident, further identify the outcome of that investigation, including both the decision rendered and any disciplinary action or other consequence that followed as a result therefrom.

14. Identify for all individuals named in response to Matter of Examination #1 by caption, court, and civil action number all civil actions filed in federal or state court in the past ten years in which that officer was named as a defendant. Further identify for each said action the outcome of such action (or the current status of said action) and state what action the Waterloo Police Department or any official thereof took, as a result of a judgment or settlement, involving the above.

15. Whether the Waterloo Police Department and/or the City of Waterloo has a citizen complaint policy and procedure; how that policy and procedure works, is implemented, tracked/followed, and who oversees and/or reviews citizen complaints.

16. Whether the Waterloo Police Department and/or the City of Waterloo has a procedure or system in place to identify police officers who have been the subject of previous citizens' complaints or internal departmental complaints of misconduct. Identify the nature of such a procedure or system, including the date on which the procedure or system was initiated, a description of any documents and forms and directives and memoranda which relate to or are employed in connection with such a procedure or system, and a detailed description of the manner in which the procedure or system functions.

17. Any and all investigations into the incident described in the Complaint, and, if so, describe the results of said investigation and identify any and all documents produced during the course of and as a result of that investigation. Further identify who/whom directed the investigation, all members of the investigation team, and who was interviewed as a part of the investigation.

18. Any and all municipal, city, county, state or federal grand jury proceedings of the Officers actions on November 18, 2012. If so, identify the person in charge, the date of the proceedings and the outcome of that investigation, review or proceeding.

19. Training of police officers, regarding the use of force, pursuit and warrantless search and seizure in a situation such as described in the Complaint. This includes how the training was developed and formulated, by whom it was developed and formulated, when it was developed and formulated and how and when Officer Law received such training.

20. Identify whether any officers were suspended, relieved of any responsibilities, or disciplined by the Waterloo Police Department or any other governmental agency as a result of this incident described in the Complaint. If so, state the name of the officer(s),

the substance of the suspension, disciplinary proceeding, or other action taken.

21. Identify any and all documents, video and/or audio recordings, communications, and facts that demonstrate and/or support the allegation that Derrick Ambrose broke the law or otherwise acted in a manner requiring the use of deadly force at any time on November 18, 2012.

22. All policy makers for the Waterloo Police Department, who are directly responsible or involved in the formulation of policies relating to use of force, constitutional limits on use of force, firearms training, warrantless search and seizure, warrant seeking procedures, exigent circumstances, civil rights and custody and control at the time of the shooting and as of the date of this deposition.

23. All heads of training for the Waterloo Police Department, who are directly responsible or involved in the training of policies relating to use of force, constitutional limits on use of force, firearms training, warrantless search and seizure, warrant seeking procedures, exigent circumstances, civil rights and custody and control at the time of the shooting and as of the date of this deposition.

24. Any and all changes made to Waterloo Police Department policies, procedures and customs, as it relates to use of force, constitutional limits on use of force, firearms training, warrantless search and seizure, warrant seeking procedures, exigent circumstances, civil rights and custody and control, after the incident on November 18, 2012.

25. Each and every formal and informal complaint, whether it be written or verbal, from anyone at any time about Officer Law, including but not limited to when it was made, the substance of the complaint, who made it, who responded to it and the substance of the response.

26. Identification of each individual that was in Officer Law's chain of command in November 2012, including stating the time period for which such person supervised Officer Law, and the extent of their supervisory duties and authority.

27. All excessive force citizen, detainee, and prisoner complaints made against officers, employees, and/or agents of the Waterloo Police Department for the last seven years.

28. All instances where the City of Waterloo and/or the Waterloo Police Department found and/or determined that one of its officers, employees, and/or agents used excessive force against a citizen, detainee or prisoner.

29. Identification of all non-white officers, employees and agents of the Waterloo Police Department currently employed and/or working for the City of Waterloo and at the time of the incident described in the Complaint.

30. The number of African-Americans who have applied for police officer positions with the

Waterloo Police Department during the past seven (7) years and the reasons they were or were not hired.

31. The type of email system/program used by the Waterloo Police Department; who manages, directs, and/or maintains the email system for the Waterloo Police Department; what types of servers are used by the Waterloo Police Department; who houses the email servers for the Waterloo Police Department and where are the servers stored; the manner in which emails are stored and/or preserved; how to search for specific terms, words or phrases contained within Waterloo Police Department emails; how deleted emails can be retrieved; what types officers, civilian employees and agents of the Waterloo Police Department are given City of Waterloo and/or Waterloo Police Department email addresses.

**PLEASE TAKE NOTICE** that pursuant to Fed. R. Civ. P. 34, Plaintiffs request that within 30 days that you provide a written response, including any objections and/or claims of privilege, to Derrick Ambrose's request for documents and tangible things identified in the following Schedule of Documents, which are in the possession, custody or control of City of Waterloo, its attorneys or other representatives or agents.

**PLEASE TAKE NOTICE** that pursuant to Fed. R. Civ. P. 30(b)(2), Derrick Ambrose requests that City of Waterloo's designee, responsive to this deposition notice, produce, at the time of the deposition, the documents identified in the Rule 34 Schedule of Documents contained in this deposition notice.

## SCHEDULE OF DOCUMENTS

1. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #1.

2. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #2.

3. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #3.

4. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #4.

5. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #5.

6. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #6.

7. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #7.

8. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #8.

9. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #9.

10. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #10.

11. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #11.

12. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #12.

13. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #13.

14. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #14.

15. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #15.

16. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #16.

17. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #17.

18. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #18.

19. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #19.

20. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #20.

21. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #21.

22. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #22.

23. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #23.

24. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #24.

25. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #25.

26. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #26.

27. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #27.

28. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #28.

29. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #29.

30. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #30.

31. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #31.

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 26(b)(5), if you claim that any information, document, or thing sought or requested is privileged, protected by the work product doctrine, or otherwise not discoverable, please describe the nature of the documents, communications, or things not produced or disclosed in a manner that will enable Derrick Ambrose to assess the applicability of the privilege or protection, including the legal and factual basis for withholding the requested discovery.

**PLEASE TAKE NOTICE** that that these discovery requests are deemed continuing. Should you, in the future, discover any information relating to any of the above matters of inquiry, you are required to notify Derrick Ambrose's counsel of this new or additional information by way of supplemental discovery responses, pursuant to Fed. R. Civ. P. 26(e). Objection will be made at trial to the use of information not properly disclosed in accordance with the Federal Rules of Civil Procedure.

Dated this 9th day of April, 2015.

*[signature]*

Mel C. Orchard, III, Wyo. Bar #5-2984
The Spence Law Firm, LLC
P.O. Box 548
15 S. Jackson Street
Jackson WY 83001
307-733-7290 (p)
307-733-5248 (f)
orchard@spencelawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing PLAINTIFF'S NOTICE TO TAKE THE DEPOSITION OF DEFENDANT CITY OF WATERLOO, IOWA, PURSUANT TO FED. R. CIV. P. 30(b)(6), 30(b)(2) and 34 was served by postage-paid United States mail this 9th day of April, 2015, to the following:

Bruce L. Gettman, Jr.
Bradley M. Strouse
Redfern, Mason, Larsen & Moore, P.L.C.
415 Clay Street
PO Box 627
Cedar Falls, IA 50613
Phone: (319) 277-6830
Fax: (319) 277-3531
bgettman@cflaw.com
strouse@cflaw.com

*[signature]*

Mel C. Orchard, III, Wyo. Bar #5-2984
The Spence Law Firm, LLC
P.O. Box 548
15 S. Jackson Street
Jackson WY 83001
307-733-7290 (p)
307-733-5248 (f)
orchard@spencelawyers.com