# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| DERRICK AMBROSE, SR., as Executor of the Estate of Derrick Ambrose, Jr., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 6:14-CV-02079-LRR |
| WATERLOO, IOWA, et al., | ) ) | |
| Defendants. | ) ) | |

**DEFENDANT CITY OF WATERLOO'S OBJECTIONS
TO PLAINTIFF'S NOTICE TO TAKE THE DEPOSITION
OF DEFENDANT CITY OF WATERLOO, IOWA,
PURSUANT TO Fed. R. Civ. P. 30(b)(6), 30(b)(2) and 34**

COMES NOW Defendant City of Waterloo, by and through its undersigned counsel of

record, and provides the following objections to the items listed and/or described in Plaintiff's

Notice to Take the Deposition of Defendant City of Waterloo, Iowa, pursuant to Fed. R. Civ. P.

30(b)(6), 30(b)(2) and 34.

**MATTERS OF EXAMINATION**

1. Identify by full name, badge number, and position in the Waterloo Police Department of all police officers that were present during the incident described in the Complaint.

   **RESPONSE:** **The requested information will be provided. It is anticipated Lieutenant Al Carrier will be the witness on this topic.**

2. For each individual identified in response to Matter of Examination #1, identify whether that person had physical contact of any nature with Derrick Ambrose. In responding to this interrogatory, specifically identify each person or document that was the source of this information and what each particular source stated.

   **RESPONSE: Objection. This Defendant objects to statements provided during the Internal Affairs investigation into the incident at issue in this lawsuit. This Defendant objects to producing those statements on the basis of the self-critical analysis privilege. Further, with regard to Officer Law, this Defendant further objects to producing the statement he provided during the Internal Affairs investigation because, before he was compelled to provide his statement, he was given a _Garrity_**

5-14-15

Warning consistent with *Garrity v. State of New Jersey*, 385 U.S. 493 (1967) and the Peace Officer, Public Safety, and Emergency Personnel Bill of Rights contained in Iowa Code chapter 80(F). The individuals providing such statements to Internal Affairs were:

1. Michelle Boesen;

2. Cindy Westemeier;

3. Justin Brandt;

4. Christopher Roberts;

5. Kerry Devine;

6. Monty Frana;

7. Kye Richter;

8. Kyle Law; and

9. Greg Erie.

Further, in the event this Defendant's objections to this Request and/or Topic are overruled, this Defendant requests the production of this information be made pursuant to an appropriate Protective Order pursuant to Fed. R. Civ. P. 26(c)(1)(G).

Without waiving these objections and subject thereto, this Defendant states it will produce the balance of the information called for in this Request and/or Topic, and that it anticipates Lieutenant Al Carrier will be the designated individual providing this information.

3. For each individual identified in response to Matter of Examination #1, identify where Derrick Ambrose was observed, what Derrick Ambrose was doing, what Derrick Ambrose was wearing, and whether Derrick Ambrose had any visible injuries or bruises. In responding to this interrogatory, specifically identify each person or document that was the source of this information and what each particular source stated.

**RESPONSE: Objection. This Defendant objects to statements provided during the Internal Affairs investigation into the incident at issue in this lawsuit. This Defendant objects to producing those statements on the basis of the self-critical analysis privilege. Further, with regard to Officer Law, this Defendant further objects to producing the statement he provided during the Internal Affairs investigation because, before he was compelled to provide his statement, he was given a *Garrity* Warning consistent with *Garrity v. State of New Jersey*, 385 U.S. 493 (1967) and the Peace Officer, Public Safety, and Emergency Personnel Bill of Rights contained in**

Iowa Code chapter 80(F). The individuals providing such statements to Internal Affairs were:

1.     Michelle Boesen;

2.     Cindy Westemeier;

3.     Justin Brandt;

4.     Christopher Roberts;

5.     Kerry Devine;

6.     Monty Frana;

7.     Kye Richter;

8.     Kyle Law; and

9.     Greg Erie.

Further, in the event this Defendant's objections to this Request and/or Topic are overruled, this Defendant requests the production of this information be made pursuant to an appropriate Protective Order pursuant to Fed. R. Civ. P. 26(c)(1)(G).

Without waiving these objections and subject thereto, this Defendant states it will produce the balance of the information called for in this Request and/or Topic, and that it anticipates Lieutenant Al Carrier will be the designated individual providing this information.

4.     For each individual named in response to Matter of Examination #1, provide that individual's account of the incident described in the Complaint.

**RESPONSE:** Objection. This Defendant objects to statements provided during the Internal Affairs investigation into the incident at issue in this lawsuit. This Defendant objects to producing those statements on the basis of the self-critical analysis privilege. Further, with regard to Officer Law, this Defendant further objects to producing the statement he provided during the Internal Affairs investigation because, before he was compelled to provide his statement, he was given a *Garrity* Warning consistent with *Garrity v. State of New Jersey*, 385 U.S. 493 (1967) and the Peace Officer, Public Safety, and Emergency Personnel Bill of Rights contained in Iowa Code chapter 80(F). The individuals providing such statements to Internal Affairs were:

1.     Michelle Boesen;

2. **Cindy Westemeier;**

3. **Justin Brandt;**

4. **Christopher Roberts;**

5. **Kerry Devine;**

6. **Monty Frana;**

7. **Kye Richter;**

8. **Kyle Law; and**

9. **Greg Erie.**

**Further, in the event this Defendant's objections to this Request and/or Topic are overruled, this Defendant requests the production of this information be made pursuant to an appropriate Protective Order pursuant to Fed. R. Civ. P. 26(c)(1)(G).**

**Without waiving these objections and subject thereto, this Defendant states it will produce the balance of the information called for in this Request and/or Topic, and that it anticipates Lieutenant Al Carrier will be the designated individual providing this information.**

5. For each individual named in response to Matter of Examination #1, state that individual's detailed explanation of why he/she went to the area of the incident described in the Complaint at the time of the incident, and what, if any, information he/she possessed or was told about to support the stop of, and use of force on, Derrick Ambrose. Further identify, for each individual, whether this information derived from personal observation or from any other source, which source is to be explicitly identified.

**RESPONSE: Objection. This Defendant objects to statements provided during the Internal Affairs investigation into the incident at issue in this lawsuit. This Defendant objects to producing those statements on the basis of the self-critical analysis privilege. Further, with regard to Officer Law, this Defendant further objects to producing the statement he provided during the Internal Affairs investigation because, before he was compelled to provide his statement, he was given a *Garrity* Warning consistent with *Garrity v. State of New Jersey*, 385 U.S. 493 (1967) and the Peace Officer, Public Safety, and Emergency Personnel Bill of Rights contained in Iowa Code chapter 80(F). The individuals providing such statements to Internal Affairs were:**

1. **Michelle Boesen;**

2. **Cindy Westemeier;**

**3.    Justin Brandt;**

**4.    Christopher Roberts;**

**5.    Kerry Devine;**

**6.    Monty Frana;**

**7.    Kye Richter;**

**8.    Kyle Law; and**

**9.    Greg Erie.**

**Without waiving these objections and subject thereto, this Defendant states it will produce the balance of the information called for in this Request and/or Topic, and that it anticipates Lieutenant Al Carrier will be the designated individual providing this information.**

6.    For each individual named in response to Matter of Examination #1, state whether that person was struck or injured in any way or the subject of any alleged resistance or assaultive behavior by Derrick Ambrose during the entire incident described in the Complaint.

**RESPONSE:    The requested information will be provided.    It is anticipated Lieutenant Al Carrier will be the witness on this topic.**

7.    Provide the names of all civilian employees, witnesses, and any and all other individuals who were present at any time during the incident described in the Complaint.    Further identify each individual's point of contact information including physical address, mailing address, phone number and email.

**RESPONSE:    To the extent this Defendant has information responsive to this Request and/or Topic, it will be provided.    It is anticipated Lieutenant Al Carrier will be the individual designated by the City on this issue.**

8.    For each individual identified in response to Matter of Examination #7, state whether that individual visually observed Derrick Ambrose and provide a detailed description from each individual regarding his/her observations of Derrick Ambrose and Derrick Ambrose's behavior. In responding to this Interrogatory, identify the source of that information as to each individual.

**RESPONSE:    Objection.    This Defendant objects to statements provided during the Internal Affairs investigation into the incident at issue in this lawsuit. This Defendant objects to producing those statements on the basis of the self-critical analysis privilege.    Further, with regard to Officer Law, this Defendant further objects to**

producing the statement he provided during the Internal Affairs investigation because, before he was compelled to provide his statement, he was given a *Garrity* Warning consistent with *Garrity v. State of New Jersey*, 385 U.S. 493 (1967) and the Peace Officer, Public Safety, and Emergency Personnel Bill of Rights contained in Iowa Code chapter 80(F). The individuals providing such statements to Internal Affairs were:

1.  Michelle Boesen;

2.  Cindy Westemeier;

3.  Justin Brandt;

4.  Christopher Roberts;

5.  Kerry Devine;

6.  Monty Frana;

7.  Kye Richter;

8.  Kyle Law; and

9.  Greg Erie.

Further, in the event this Defendant's objections to this Request and/or Topic are overruled, this Defendant requests the production of this information be made pursuant to an appropriate Protective Order pursuant to Fed. R. Civ. P. 26(c)(1)(G).

However, without waiving these objections and subject thereto, this Defendant states that to the extent it has other information responsive to this Request and/or topic, it will be provided. It is anticipated Lieutenant Al Carrier will be the City's designee.

Without waiving these objections and subject thereto, this Defendant states it will produce the balance of the information called for in this Request and/or Topic, and that it anticipates Lieutenant Al Carrier will be the designated individual providing this information.

9.  Identify any and all documents that reference in any way contact by officers of the Waterloo Police Department with Derrick Ambrose at the time of the incident described in the Complaint, including, but not limited to investigation reports, Computer Assisted Dispatch (CAD) sheets, radio tape transcripts, patrol logs, custody logs, and use of force forms.

    **RESPONSE:** This Request and/or Topic is objected to because it seeks to invade the doctrine of self-critical analysis. For purposes of complying with Fed. R. Civ. P.

**26(b)(5), this Defendant states it claims a privilege with regard to the following information, documents and/or tangible things:**

1. **The statements obtained during the Internal Affairs Investigation discussed in response to paragraph number 4, above;**

2. **The Waterloo Police Department Shooting Review Board prepared in the matter of Kyle Elwood Law; and**

3. **The Waterloo Police Department Administrative Division - Internal Affairs Unit written Investigative Report.**

**The Shooting Review Board report contains sections dealing with Finding of Fact, Issues considered by the Shooting Review Board, conclusion and decision, and a recommendation. The written Internal Affairs Unit Investigative Report contains a recitation of the investigation conducted by the Internal Affairs Unit, information concerning interviews which were conducted during the IA investigation, a summary of the Iowa State Medical Examiner's report, a summary of the DCI Crime Lab Reports and a Summary of Incident. Further, in the event this Defendant's objections to this Request and/or Topic are overruled, this Defendant requests the production of this information be made pursuant to an appropriate Protective Order pursuant to Fed. R. Civ. P. 26(c)(1)(G). However, without waiving these objections and subject thereto, with the exception of the information, documents and/or tangible things to which the City has interposed its objections, this Defendant will produce non-privileged documents and information responsive to this Request and/or Topic and anticipates Lieutenant Al Carrier will be its designated individual.**

10. Identify by name and badge number all officers of the Waterloo Police Department officers assigned to work in the area of the incident described in the Complaint at the time of the incident or in the 24 hour thereafter.

    **RESPONSE:   The requested information will be provided.   It is anticipated Lieutenant Al Carrier will be the witness on this topic.**

11. Identify the number of unreasonable/excessive force and unlawful arrest complaints received, reviewed, and/or investigated by the Waterloo Police Department in each of the past seven (7) years. For each year, further identify the number of complaints that were determined to be sustained in whole or in part and state what disciplinary action if any was taken as to the charged officer(s).

    **RESPONSE: To the extent, if any, this Request and/or topic seeks anything other than statistical information, it is objected to because it seeks to violate the privacy interests of non-parties to this litigation and/or for the reason it seeks to violate the doctrine of self-critical analysis. In the event these objections are overruled, this Defendant requests the information be produced pursuant to a Protective Order as authorized by Fed. R. Civ. P. 26(c)(1)(G). However, without waiving these objections**

**and subject thereto, this Defendant states it will provide the statistical information requested, and that it anticipates Lieutenant Al Carrier will be its designee.**

12. For each of the past seven years, all federal and state civil actions filed against the Waterloo Police Department, and/or individual police officers, alleging violations of an individual's civil rights, the unreasonable/excessive use of force, and/or an unlawful arrest. Further identify the number of those actions which resulted in judgments (before a court or by an arbitration panel) or settlements adverse to any of the defendants and state what disciplinary or other action(s) was/were taken against the individual named defendant(s).

    **RESPONSE: Objection. This Request and/or Topic is objected to because it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. For example, by seeking all state and federal civil actions concerning violations of "civil rights," this Request and/or Topic is overbroad and not reasonably restricted to seek information concerning the issues and claims in this lawsuit. However, without waiving these objections and subject thereto, this Defendant states it will provide the requested information concerning civil actions alleging violations of unreasonable/excessive use of force and/or an unlawful arrest. It is anticipated Lieutenant Al Carrier will be the individual designated by the City on this topic.**

13. All individuals named in response to Matter of Examination #1 any and all incidents for which he/she has been the subject of a police department investigation for misconduct for the entire period of his/her employment with the Waterloo Police Department. For each incident, further identify the outcome of that investigation, including both the decision rendered and any disciplinary action or other consequence that followed as a result therefrom.

    **RESPONSE: Objection. This Request is objected to for the reason it is overbroad in both time and scope and is not reasonably calculated to lead to the discovery of admissible evidence. This Request is further objected to because it seeks to violate the self-critical analysis doctrine. This Request is further objected to for the reason it seeks to violate the privacy interests of Third Parties. Furthermore, in the event these objections to this Request and/or Topic are overruled, this Defendant requests the production of this information be made pursuant to a Protective Order as authorized by Fed. R. Civ. P. 26(c)(1)(G).**

14. Identify for all individuals named in response to Matter of Examination #1 by caption, court, and civil action number all civil actions filed in federal or state court in the past ten years in which that officer was named as a defendant. Further identify for each said action the outcome of such action (or the current status of said action) and state what action the Waterloo Police Department or any official thereof took, as a result of a judgment or settlement, involving the above.

    **RESPONSE: Objection. This Request is objected to for the reason it is overbroad in both time and scope and not reasonably calculated to lead to the discovery of admissible evidence. However, without waiving these objections and subject thereto,**

this Defendant states it does not track or keep records concerning the information sought in this Request and/or Topic.

15.  Whether the Waterloo Police Department and/or the City of Waterloo has a citizen complaint policy and procedure; how that policy and procedure works, is implemented, tracked/followed, and who oversees and/or reviews citizen complaints.

**RESPONSE: The requested information will be provided. It is anticipated Lieutenant Al Carrier will be the witness on this topic.**

16.  Whether the Waterloo Police Department and/or the City of Waterloo has a procedure or system in place to identify police officers who have been the subject of previous citizens' complaints or internal departmental complaints of misconduct. Identify the nature of such a procedure or system, including the date on which the procedure or system was initiated, a description of any documents and forms and directives and memoranda which relate to or are employed in connection with such a procedure or system, and a detailed description of the manner in which the procedure or system functions.

**RESPONSE: The requested information will be provided. It is anticipated Lieutenant Al Carrier will be the witness on this topic.**

17.  Any and all investigations into the incident described in the Complaint, and, if so, describe the results of said investigation and identify any and all documents produced during the course of and as a result of that investigation. Further identify who/whom directed the investigation, all members of the investigation team, and who was interviewed as a part of the investigation.

**RESPONSE: This Request and/or Topic is objected to because it seeks to invade the doctrine of self-critical analysis. For purposes of complying with Fed. R. Civ. P. 26(b)(5), this Defendant states it claims a privilege with regard to the following information, documents and/or tangible things:**

**1.  The statements obtained during the Internal Affairs Investigation discussed in response to paragraph number 4, above;**

**2.  The Waterloo Police Department Shooting Review Board prepared in the matter of Kyle Elwood Law; and**

**3.  The Waterloo Police Department Administrative Division - Internal Affairs Unit written Investigative Report.**

**The Shooting Review Board report contains sections dealing with Finding of Fact, Issues considered by the Shooting Review Board, conclusion and decision, and a recommendation. The written Internal Affairs Unit Investigative Report contains a recitation of the investigation conducted by the Internal Affairs Unit, information concerning interviews which were conducted during the IA investigation, a summary**

of the Iowa State Medical Examiner's report, a summary of the DCI Crime Lab Reports and a Summary of Incident. Further, in the event this Defendant's objections to this Request and/or Topic are overruled, this Defendant requests the production of this information be made pursuant to an appropriate Protective Order pursuant to Fed. R. Civ. P. 26(c)(1)(G). However, without waiving these objections and subject thereto, with the exception of the information, documents and/or tangible things to which the City has interposed its objections, this Defendant will produce non-privileged documents and information responsive to this Request and/or Topic and anticipates Lieutenant Al Carrier will be its designated individual.

18. Any and all municipal, city, county, state or federal grand jury proceedings of the Officers actions on November 18, 2012. If so, identify the person in charge, the date of the proceedings and the outcome of that investigation, review or proceeding.

   **RESPONSE: This Defendant has no information or documents responsive to this Topic and/or Request.**

19. Training of police officers, regarding the use of force, pursuit and warrantless search and seizure in a situation such as described in the Complaint. This includes how the training was developed and formulated, by whom it was developed and formulated, when it was developed and formulated and how and when Officer Law received such training.

   **RESPONSE: Objection. This Request and/or Topic is objected to for the reason it is overbroad in time. However, without waiving this objection and subject thereto, this Defendant states it will provide information responsive to this Request and/or Topic relevant to the time period concerning the shooting at issue in this lawsuit, and it anticipates Lieutenant Al Carrier will be the designated person to provide this information.**

20. Identify whether any officers were suspended, relieved of any responsibilities, or disciplined by the Waterloo Police Department or any other governmental agency as a result of this incident described in the Complaint. If so, state the name of the officer(s), the substance of the suspension, disciplinary proceeding, or other action taken.

   **RESPONSE: This Request and/or Topic is objected to because it seeks to invade the doctrine of self-critical analysis. For purposes of complying with Fed. R. Civ. P. 26(b)(5), this Defendant states it claims a privilege with regard to the following information, documents and/or tangible things:**

   1. **The statements obtained during the Internal Affairs Investigation discussed in response to paragraph number 4, above;**

   2. **The Waterloo Police Department Shooting Review Board prepared in the matter of Kyle Elwood Law; and**

3. **The Waterloo Police Department Administrative Division - Internal Affairs Unit written Investigative Report.**

The Shooting Review Board report contains sections dealing with Finding of Fact, Issues considered by the Shooting Review Board, conclusion and decision, and a recommendation. The written Internal Affairs Unit Investigative Report contains a recitation of the investigation conducted by the Internal Affairs Unit, information concerning interviews which were conducted during the IA investigation, a summary of the Iowa State Medical Examiner's report, a summary of the DCI Crime Lab Reports and a Summary of Incident. Further, in the event this Defendant's objections to this Request and/or Topic are overruled, this Defendant requests the production of this information be made pursuant to an appropriate Protective Order pursuant to Fed. R. Civ. P. 26(c)(1)(G). However, without waiving these objections and subject thereto, with the exception of the information, documents and/or tangible things to which the City has interposed its objections, this Defendant will produce non-privileged documents and information responsive to this Request and/or Topic and anticipates Lieutenant Al Carrier will be its designated individual.

21. Identify any and all documents, video and/or audio recordings, communications, and facts that demonstrate and/or support the allegation that Derrick Ambrose broke the law or otherwise acted in a manner requiring the use of deadly force at any time on November 18, 2012.

   **RESPONSE:** This Request and/or Topic is objected to because it seeks to invade the doctrine of self-critical analysis. For purposes of complying with Fed. R. Civ. P. 26(b)(5), this Defendant states it claims a privilege with regard to the following information, documents and/or tangible things:

   1. **The statements obtained during the Internal Affairs Investigation discussed in response to paragraph number 4, above;**

   2. **The Waterloo Police Department Shooting Review Board prepared in the matter of Kyle Elwood Law; and**

   3. **The Waterloo Police Department Administrative Division - Internal Affairs Unit written Investigative Report.**

   The Shooting Review Board report contains sections dealing with Finding of Fact, Issues considered by the Shooting Review Board, conclusion and decision, and a recommendation. The written Internal Affairs Unit Investigative Report contains a recitation of the investigation conducted by the Internal Affairs Unit, information concerning interviews which were conducted during the IA investigation, a summary of the Iowa State Medical Examiner's report, a summary of the DCI Crime Lab Reports and a Summary of Incident. Further, in the event this Defendant's objections to this Request and/or Topic are overruled, this Defendant requests the production of this information be made pursuant to an appropriate Protective Order pursuant to

**Fed. R. Civ. P. 26(c)(1)(G). However, without waiving these objections and subject thereto, with the exception of the information, documents and/or tangible things to which the City has interposed its objections, this Defendant will produce non-privileged documents and information responsive to this Request and/or Topic and anticipates Lieutenant Al Carrier will be its designated individual.**

22. All policy makers for the Waterloo Police Department, who are directly responsible or involved in the formulation of policies relating to use of force, constitutional limits on use of force, firearms training, warrantless search and seizure, warrant seeking procedures, exigent circumstances, civil rights and custody and control at the time of the shooting and as of the date of this deposition.

    **RESPONSE: Objection. This Request and/or Topic is objected to because it calls upon this Defendant to engage in speculation and/or conjecture as to what Plaintiff means by the use of the term "policy makers." However, without waiving this objection and subject thereto, this Defendant states it will provide responsive information concerning individuals who establish policy for the Waterloo Police Department, and it anticipates Lieutenant Al Carrier will be its designee.**

23. All heads of training for the Waterloo Police Department, who are directly responsible or involved in the training of policies relating to use of force, constitutional limits on use of force, firearms training, warrantless search and seizure, warrant seeking procedures, exigent circumstances, civil rights and custody and control at the time of the shooting and as of the date of this deposition.

    **RESPONSE: The requested information will be provided. It is anticipated Lieutenant Al Carrier will be the witness on this topic.**

24. Any and all changes made to Waterloo Police Department policies, procedures and customs, as it relates to use of force, constitutional limits on use of force, firearms training, warrantless search and seizure, warrant seeking procedures, exigent circumstances, civil rights and custody and control, after the incident on November 18, 2012.

    **RESPONSE: The requested information will be provided. It is anticipated Lieutenant Al Carrier will be the witness on this topic.**

25. Each and every formal and informal complaint, whether it be written or verbal, from anyone at any time about Officer Law, including but not limited to when it was made, the substance of the complaint, who made it, who responded to it and the substance of the response.

    **RESPONSE: Objection. This Request is objected to for the reason it is overbroad in both time and scope, because it is not reasonably calculated to lead to the discovery of admissible evidence, and seeks to violate the privacy interests of non-parties to this litigation. In the event this Defendant's objections are overruled, this Defendant**

**requests the production of the information be made pursuant to a Protective Order as authorized by Fed. R. Civ. P. 26(c)(1)(G).**

26. Identification of each individual that was in Officer Law's chain of command in November 2012, including stating the time period for which such person supervised Officer Law, and the extent of their supervisory duties and authority.

   **RESPONSE: The requested information will be provided. It is anticipated Lieutenant Al Carrier will be the witness on this topic.**

27. All excessive force citizen, detainee, and prisoner complaints made against officers, employees, and/or agents of the Waterloo Police Department for the last seven years.

   **RESPONSE: Objection. This Request and/or Topic is objected to for the reason it is overbroad in both time and scope and is not reasonably calculated to lead to the discovery of admissible evidence. This Request and/or Topic is also objected to because it seeks to violate the privacy interests of non-parties to this litigation. In the event this Defendant's objections are overruled, this Defendant requests the production of the information he made pursuant to a Protective Order as authorized by Fed. R. Civ. P. 26(c)(1)(G).**

28. All instances where the City of Waterloo and/or the Waterloo Police Department found and/or determined that one of its officers, employees, and/or agents used excessive force against a citizen, detainee or prisoner.

   **RESPONSE: Objection. This Request and/or Topic is objected to for the reason it is overbroad in both time and scope and is not reasonably calculated to lead to the discovery of admissible evidence. This Request and/or Topic is also objected to because it seeks to violate the privacy interests of non-parties to this litigation. This Request and/or Topic is further objected to for the reason it seeks to violate the doctrine of self-critical analysis. In the event this Defendant's objections are overruled, this Defendant requests the production of the information he made pursuant to a Protective Order as authorized by Fed. R. Civ. P. 26(c)(1)(G).**

29. Identification of all non-white officers, employees and agents of the Waterloo Police Department currently employed and/or working for the City of Waterloo and at the time of the incident described in the Complaint.

   **RESPONSE: The requested information will be provided. It is anticipated Lieutenant Al Carrier will be the witness on this topic.**

30. The number of African-Americans who have applied for police officer positions with the Waterloo Police Department during the past seven (7) years and the reasons they were or were not hired.

**RESPONSE:** **The requested information will be provided. It is anticipated Lieutenant Al Carrier will be the witness on this topic.**

31. The type of email system/program used by the Waterloo Police Department; who manages, directs, and/or maintains the email system for the Waterloo Police Department; what types of servers are used by the Waterloo Police Department; who houses the email servers for the Waterloo Police Department and where are the servers stored; the manner in which emails are stored and/or preserved; how to search for specific terms, words or phrases contained within Waterloo Police Department emails; how deleted emails can be retrieved; what types officers, civilian employees and agents of the Waterloo Police Department are given City of Waterloo and/or Waterloo Police Department email addresses.

   **RESPONSE:** **Assuming this Request and/or Topic is designed to solicit information about the current e-mail system and/or program, this Defendant will provide responsive information. It is anticipated Wendy Drinovski will be the City's designee.**

## SCHEDULE OF DOCUMENTS

1. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #1.

   **RESPONSE:** **This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

2. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #2.

   **RESPONSE:** **This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

3. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #3.

   **RESPONSE:** **This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

4. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #4.

   **RESPONSE:** **This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

5.　　Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #5.

**RESPONSE: This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

6.　　Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #6.

**RESPONSE: This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

7.　　Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #7.

**RESPONSE: This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

8.　　Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #8.

**RESPONSE: This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

9.　　Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #9.

**RESPONSE: This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

10.　　Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #10.

**RESPONSE: This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

11.　　Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #11.

**RESPONSE:** **This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

12. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #12.

**RESPONSE:** **This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

13. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #13.

**RESPONSE:** **This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

14. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #14.

**RESPONSE:** **This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

15. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #15.

**RESPONSE:** **This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

16. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #16.

**RESPONSE:** **This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

17. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #17.

**RESPONSE:** **This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

18. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #18.

   **RESPONSE:  This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

19. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #19.

   **RESPONSE:  This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

20. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #20.

   **RESPONSE:  This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

21. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #21.

   **RESPONSE:  This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

22. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #22.

   **RESPONSE:  This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

23. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #23.

   **RESPONSE:  This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

24. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #24.

**RESPONSE:  This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

25.   Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #25.

**RESPONSE:  This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

26.   Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #26.

**RESPONSE:  This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

27.   Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #27.

**RESPONSE:  This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

28.   Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #28.

**RESPONSE:  This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

29.   Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #29.

**RESPONSE:  This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

30.   Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #30.

**RESPONSE:  This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

31. Please produce all documents, records, and/or communications reviewed, consulted or otherwise used by you in preparation for your testimony for Matter of Examination #31.

**RESPONSE: This Defendant incorporates herewith its responses and/or objections to the corresponding Item and/or Topic listed in the corresponding Matter of Examination.**

Respectfully submitted,

David S. Baker                    Mo. Bar #30347
Fisher, Patterson, Sayler & Smith, LLP
9229 Ward Parkway, Suite 370
Kansas City, MO 64114
816-523-4667, Ext. 121; Fax: 816-523-5667
dbaker@fisherpatterson.com

and

Bruce Gettman                    ICIS #AT0002724
Redfern, Mason, Larsen & Moore, PLC
415 Clay Street
P.O. Box 627
Cedar Falls, IA 50613
(319) 277-6830; Fax (319) 277-3531
BGettman@cflaw.com

*Attorneys for Defendants City of Waterloo, Kyle Law and Daniel Trelka*

## CERTIFICATE OF SERVICE

       I hereby certify that on May 11, 2015, a copy of the above and foregoing was sent, via U.S. Mail, postage prepaid, to the following:

Thomas P. Frerichs
Frerichs Law Office, P.C.
106 E. 4th Street
P.O. Box 328
Waterloo, IA 50704-0328
(319) 236-7204; Fax (319) 236-7206
TFrerichs@FrerichsLaw.com

Mel C. Orchard III
Noah W. Drew
The Spence Law Firm, LLC
15 S. Jackson St.
P.O. Box 548
Jackson, WY 83001
(307) 733-7290; Fax (307) 733-5248
Orchard@SpenceLawyers.com
Drew@SpenceLawyers.com

*Attorneys for Plaintiff*

DAVID S. BAKER

{O0322136}