IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| DERRICK AMBROSE, SR., as Executor of the Estate of Derrick Ambrose, Jr.,<br><br>Plaintiff,<br><br>v.<br><br>WATERLOO, IOWA, et al.,<br><br>Defendants. | Case No.: 6:14-CV-02079-LRR |

# BRIEF IN SUPPORT OF
# DEFENDANTS' MOTION TO QUASH EIGHTEEN NOTICES OF TAKING DEPOSITIONS DUCES TECUM—EXPEDITED RELIEF REQUESTED

## TABLE OF CONTENTS

I. Introduction...................................................................................................2

II. Plaintiff's Notices Are Not Timely....................................................................4

III. Plaintiff's Notices Seek Information Not in the Possession of Deponents...6

IV. Plaintiff's Notices Seek Information Which is Privileged or Otherwise

Protected By Law.............................................................................................7

    1. Communications Made in Official Confidence; Confidential Records...7

    2. Documents Prepared in Anticipation of Litigation................................11

    3. Conclusion............................................................................................ 11

V. Conclusion..................................................................................................... 12

COME NOW Defendants City of Waterloo, Iowa, Law, and Trelka, by and through their undersigned counsel of record and for their Motion to Quash Eighteen Notices of Taking Depositions Duces Tecum state as follows:

I.  **INTRODUCTION**

Defendants' Motion to Quash Plaintiff's eighteen Notices of Taking Deposition Duces Tecum[1] stems from a dispute over depositions previously discussed extensively at least as early as April 10, 2015 and agreed to by all parties. The parties exchanged numerous emails regarding the scheduling of the depositions and repeatedly rearranged the order and timing of the deponents to accommodate various schedules. A fraction of the emails exchanged regarding these depositions are attached as Exhibit C. At no time during those frequent communications did Plaintiff ever suggest Plaintiff would require the production of documents for the subpoenas. Instead, after at least two requests, Plaintiff indicated by email on May 19, 2015 that "the deposition notices went out in the mail on Friday [May 15] from Waterloo." (Exhibit C, p. 16, emails exchanged). However, the priority mail envelopes received by both Mr. Gettman and Mr. Baker indicate the notices were in fact mailed on Saturday, May 16, 2015. (Exhibit D). The notices arrived in Mr. Baker's Kansas City office and Mr. Gettman's Cedar Falls

---

[1] Defendants objections concern only the notices pertaining to employees of the City of Waterloo, Iowa listed here in the order the depositions are scheduled: Christopher Roberts, Kyle Law, Ryan Jacobson, Kye Richter, Greg Fangman, Michael Rassmussen, Kerry Devine, Justin Brandt, Jonnika Lyons, Jeremy Pohl, Jacque Pritchard, Troy Wilson, Luke LaMere, John Heuer, Kyle Jurgensen, Matthew Miller, Josh Wessels, and Ryan Muhlenbuch.

office on Tuesday, May 19—four business days and seven calendar days before the depositions.

Despite failing to ever mention the production of any documents for these depositions, Plaintiff's notices (Exhibit B) request:

(a) "The deponent's complete file relating to this case ... or any other documents that have been prepared by or on behalf of the deponent concerning the subject matter of this litigation and/or Waterloo Police Department case numbers ... or DCI case number ...;

(b) "The deponent's complete personnel file...;

(c) "All documents produced by any of the parties now or earlier in this case that have been provided to the deponent for his review;

(d) "All [documents] that in any way pertain to this litigation;

(e) "All reports, notes [sic] correspondence, documentation or any other tangible things that have been reviewed or examined by the deponent in connection with this litigation or in any way dealing with the circumstances giving rise to this litigation;

(f) "All demonstrative evidence relating to the deponent's knowledge in this case;

(g) "All documents or things ... that represent or relate to the deponents knowledge in this case;

(h) "Any and all policies and procedures and/or training materials, including but not limited to training manuals and seminar information;

(i) "Any and all electronically stored data that includes any of the above information."

Furthermore, the notices purport to require the deponents to produce copies of these documents by May 22 at noon approximately 72 hours after the notices were received. (Ex. B, p. 2–3). Because the notices were received so close to the scheduled deposition dates, Defendants request an expedited hearing on this issue.

## II.     PLAINTIFF'S NOTICES ARE NOT TIMELY

As summarized above, Plaintiff's Notices of Deposition are not timely because they do not give reasonable written notice to every party as required by Fed. R. Civ. P. 30(b)(1). There is no dispute that the depositions themselves were agreed upon and scheduled by the parties. As set forth above, there was significant and voluminous communication between the parties in carefully scheduling and rescheduling the depositions. Nowhere in any of those communications did Plaintiff so much as suggest that Plaintiff would also request the production of any documents, much less personnel files, investigative files, and all documents or things that represent or relate to the deponent's knowledge in this case. (Plaintiff's Ex. B, p. 2–3).

Courts have repeatedly stated that no fixed rule can be laid down regarding what constitutes reasonable notice because much will depend on the circumstances of the

particular case. *See, e.g., In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 327 (N.D. Ill. 2005) (*citing* 8A C. Wright, A. Miller & R. Marcus, *Federal Practice & Procedure: Civil* § 2111 (1994)). Courts have held that an "obvious fact to be considered is the time between the notice and the deposition, with an eye toward preparation and travel." *Id.*

In this case, preparation is a key concern. Plaintiff is not requesting an inconsequential volume of documents. Instead, the requests call for virtually every document any deponent has ever seen. Simply reviewing the requests and considering the nature and scope of the documents requested would require more time than Plaintiff has afforded.

Courts also consider whether the party seeking discovery had a reasonable opportunity to request the deposition or documents earlier than that party actually made the request. *Id.* at 327–28. In this case, Plaintiff knew or should have know that Plaintiff intended to take at least some of these depositions almost as soon as, if not before, Plaintiff filed the lawsuit. The depositions include parties to the action as well as employee-officers of the Waterloo Police Department. The parties have worked towards scheduling these specific depositions since at least April 10. If Plaintiff intended to seek such detailed information from the deponents at the time of or immediately prior to the depositions, there is simply no reason Plaintiff could not or should not have raised the matter much earlier. Where a plaintiff waits months before taking any action and even then languishes in inaction, the notices are not reasonable or timely. *Id.* at 328. The

unreasonable and untimely notices should be quashed or modified so as to remove any requirement for the production of documents.

## III. PLAINTIFF'S NOTICES SEEK INFORMATION NOT IN THE POSSESSION OF DEPONENTS

Assuming without conceding Plaintiff's notices satisfy the requirements of Fed. R. Civ. P. 30(b)(1), they simply seek information the deponents do not have, and which Plaintiff should know deponents do not have. Plaintiff seeks "the deponent's complete file relating to this case..." (Ex. B, p. 2). Individual officers of the Waterloo Police Department do not keep personal or individualize files related to litigation matters or Waterloo Police Department cases. Plaintiff seeks the deponents' personnel files, which by definition do not belong to and are not in the custody or control of an individual officer. Plaintiff seeks "all policies and procedures and/or training materials, including but not limited to training manuals and seminar information" presumably of the law enforcement agency which employees a given deponent. Aside from the fact that the Waterloo Police Department Manual and Operational Guidelines are available online at http://waterloopolice.com/information/general-orders.html, individual officers do not maintain training materials, manuals, and seminar information. Given that this information is readily available from other sources and easily available online, Defendants should not be required to produce this information. Finally, Plaintiff seeks production of "all documents or other things ... that represent or relate to the

deponent's knowledge in this case." In addition to being overly broad, this request arguably requires the production of every shred of information in any way related to Plaintiff's allegations so long as it relates in any way to a deponent's knowledge. As written, the request does not require the deponent to have knowledge of or possession of the information, yet he or she is required to produce it. Plaintiff's notices should be quashed or the information requested pursuant to Fed. R. Civ. P. 30(b)(2) should be modified so as to comply with the Federal Rules of Civil Procedure.

IV. **PLAINTIFF'S NOTICES SEEK INFORMATION WHICH IS PRIVILEGED OR OTHERWISE PROTECTED BY LAW**

Finally, even if Plaintiff complied with the provisions of Rule 30(b), Plaintiff's notices should be quashed or modified because they seek protected information.

**1. Communications Made in Official Confidence; Confidential Records**

Any investigative files, written reports, investigatory materials, disciplinary actions taken, personnel files, and some documents sought generally as "pertain[ing] to this litigation" are protected from disclosure by Iowa law. The protection stems from Iowa Code section 622.11, which effectively incorporates provisions of Iowa Code section 22.7 in determining what information is subject to disclosure in litigation. *State ex rel. Shanahan v. Iowa District Court*, 356 N.W.2d 523, 527 (Iowa 1984). Iowa Code section 622.11 provides that public officers cannot be examined as to communications made to the public officer in official confidence when the public interests would suffer by the

disclosure. Iowa Code § 622.11. These provisions exist to assure persons upon whom law enforcement officials rely that official confidentiality attends their conversations and protects from public access the officers' reports of what they have said. *Hawk Eye v. Jackson*, 521 N.W.2d 750, 753 (Iowa 1994). An official claiming the privilege must show (1) a public officer is being examined; (2) the communication was made in official confidence; (3) the public interest would suffer by disclosure. *Id.* On the third measure, Iowa law holds that:

> determining where the line falls between public harm and public good requires weighing the relative merits of the interests at stake. We have long recognized that confidentiality encourages persons to come forward with information, whether substantiated or not, that might be used to solve crimes and deter criminal activity. Secrecy is especially vital where reports are based on confidential informants, persons indispensable to successful police work but who frequently fear intimidation and reprisal. Furthermore, nondisclosure permits law enforcement officials the necessary privacy to discuss findings and theories about cases under investigation.
> We have also held, however, that these important aids to effective law enforcement comprise only *one* factor to be considered by the court and are "not determinative as to the 'public interest' test." Other case-specific factors, such as the nature of the investigation and whether it is completed or ongoing, may tip the balance in favor of public disclosure.

*Id.* (*citing Shanahan*, 356 N.W.2d at 528). In that case, the court determined that a DCI investigation file should be turned over, a copy of which in this case has already been provided to Plaintiff. Plaintiff stands to learn nothing more about the subject matter of the Complaint by collecting much of the information it seeks from deponents.

Whether the information was communicated in official confidence, such that it is privileged under Iowa Code section 622.11 is informed by whether the information is treated as a confidential record except from public disclosure under Iowa Code section 22.7. That section protects in section 22.7(18) communications made to a police department by persons outside of government where the government could have reasonably believed the outside communicator would be discouraged from making the communication if that individual or his statement were available for public examination. In that case, the information is discoverable only where *the plaintiff* can show the information can be produced without the risk of compromising the identity of the individual.

Second, Iowa Code section 22.7(5) prohibits the disclosure of peace officers' investigative reports. Under Iowa law, any document or testimony which is part of an investigation is protected by Iowa Code 22.7(5). The Iowa Court of Appeals has recently reaffirmed the broad scope of investigative reports under section 22.7(5). *Neer v. State*, No. 10-0966, 2011 WL 662725, at *3–5 (Iowa Ct. App. Feb. 23, 2011) (table). In that case, Plaintiff Neer claimed video recordings, use of force reports and pursuit reports were

either not investigative or not reports under section 22.7(5). *Id.* at *2. The court disagreed. The court held that the documents were part of investigative reports because they related to the officer's encounter with Plaintiff just prior to his arrest. *Id.* at *4. "To require an item-by-item assessment of everything within a criminal investigation file would, for all practical purposes, eliminate the investigative report exemption." *Id.* Accordingly, the court refused to require the law enforcement agency to turn over the requested information. *Id.*

Finally, Iowa Code section 22.7(11) prohibits the production of personnel records. Iowa Code Section 22.7(11) prohibits disclosure of personal information in confidential personnel records. The Iowa Supreme Court has held that "in-house, job performance documents" constitute personal information exempt from disclosure, regardless of where those documents are kept. *Des Moines Indep. Cmty. Sch. Dist. Pub. Records v. Des Moines Register & Tribune Co.*, 487 N.W.2d 666, 670 (Iowa 1992).

The Iowa Court of Appeals has refused to order disclosure of similar information, even in a criminal context. *State v. Garrison*, No. 04-0141, 2006 WL 138280, 711 N.W.2d 732 (Table), at *18–19 (Iowa Ct. App. Jan. 19, 2006). That court held that an internal investigation into a DCI investigator fell within the confidentiality exception of Iowa Code Section 22.7(11) and refused to order the state to turn the information over to a criminal defendant. *Id.* The criminal defendant sought documents generated through the investigation of the agent's conduct and resulting suspension, including a synopsis,

Page 10 of 13

Case 6:14-cv-02079-LRR-JSS   Document 30-1   Filed 05/22/15   Page 10 of 13

allegations of misconduct, correspondence, investigative reports and interviews, performance evaluations, photographs, and a notice of discipline—exactly the type of information sought in the instant matter. *Id.*

**2. Documents Prepared in Anticipation of Litigation**

Plaintiff seeks investigative files, written reports, investigatory materials, personnel files, disciplinary actions taken against the deponent, any document generally which "pertain[s] to this litigation", and other information which is protected as prepared in anticipation of litigation. Fed. R. Civ. P. 26(b)(3). The Court must determine whether, in light of the nature of the document and the factual situation of the case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. Things prepared in anticipation of litigation cannot be discovered unless the party seeking discovery shows substantial need and an inability, without undue hardship, to obtain the substantial equivalent by other means. Fed. R. Civ. P. 26(b)(3). Plaintiff here has received a copy of the DCI report and numerous other documents. Plaintiff has made no effort to show substantial need or inability to obtain by other means.

**3. Conclusion**

Pursuant to Iowa Code section 622.11 and Iowa Code section 22.7, most of what Plaintiff seeks from the deponents is privileged and protected from disclosure such that

Plaintiff's notices should be quashed or modified to limit substantially the information Plaintiff seeks.

## V. CONCLUSION

For the reasons set forth above, Defendants request that the Court hold an expedited hearing and quash or modify Plaintiff's eighteen deposition notices to remove or substantially limit any obligation on the part of the deponents to produce documents at the scheduled depositions.

Respectfully submitted,

REDFERN, MASON, LARSEN & MOORE, P.L.C.

By:   /s/ Bruce L. Gettman, Jr.
      Bruce L. Gettman, Jr., ICIS # AT0002724

By:   /s/ Bradley M. Strouse
      Bradley M. Strouse, ICIS # AT0009732
      415 Clay Street
      Cedar Falls, IA 50613
      Phone: (319) 277-6830
      Facsimile (319) 277-3531
      Email: bgettman@cflaw.com
            strouse@cflaw.com

*Attorneys for Defendants City of Waterloo, Kyle Law and Daniel Trelka*

CERTIFICATE OF SERVICE

  I hereby certify that on May 22, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Thomas P. Frerichs
Frerichs Law Office, P.C.
106 E. 4th Street
P.O. Box 328
Waterloo, IA 50704-0328

Mel C. Orchard III
Noah W. Drew
The Spence Law Firm, LLC
15 S. Jackson St.
P.O. Box 548
Jackson, WY 83001

*Attorneys for Plaintiff*

Copy to:

David S. Baker
Fisher, Patterson, Sayler & Smith, LLP
9229 Ward Parkway, Suite 370
Kansas City, MO 64114

Co-counsel for Defendants

               /s/ Bruce L. Gettman, Jr.
               Bruce L. Gettman, Jr.